*592 The opinion of the Court was drawn up by
Davis, J.
This is an action of replevin, brought to recover a quantity of cheese from the possession of the defendant, who refused to give it up, on demand being made therefor. Upon the trial, the defendant justified her refusal to give up the property, on the ground that it belonged to her late husband, and that she was administratrix of his estate. Whether she was justified, as administratrix, in withholding the property, depended on the question of title; and this was the issue presented.
The plaintiff offered himself as a witness, and she objected to his admission, on the ground that she was defending the suit as administratrix. He being admitted, she objected to his testifying to' any facts occurring in the lifetime of her husband; and to the admission of the witness, and of such testimony, exceptions were taken by her counsel.
By R, S., c. 8-2, § 78, parties to civil suits are made competent as witnesses, in all cases; as far as there is any objection on the ground of interest. By § 83, an exception is made, "when the party prosecuting, or the party defending, is an executor, or administrator.” So that parties are admissible as witnesses, in all such cases, unless it appears, at the time of the trial, that one of the parties is prosecuting or defending as an administrator or executor.
It is argued by the counsel for the defendant, and correctly, that the description of the parties in the writ is not conclusive. Nor is it material that either party is, in fact, an administrator of some estate, unless the subject matter of the controversy is a part of the same estate. And, until that fact appears, the rule must be applied, which admits the parties, and not the exception, which excludes them.
When, therefore, the very question, in issue is, whether the property in controversy is a part of an estate of which one of the parties is an administrator, the parties are admissible as witnesses. For while that fact is in dispute, it does not yet appear that either party is an administrator respect *593 ing suck property. It is the duty of the Oourt to rule whether either party is such administrator; and when that is the fact on trial, before the jury, the Court cannot find that either party is then within the exception, so as to be excluded.
This principle haá been applied to cases under this statute. Thus, on a trial of the question whether a will is valid, so that it should be approved, the person named as executor, not having yet assumed the trust, is admissible as a witness. McKeen v. Frost, 46 Maine, 239. So in the case of Longley v. Rand, decided in the western district, in 1862, it was held that one sued as an executor de son tort was admissible as a witness, on the ground that, if the statute applied to such executors, the question in issue was, whether the property was taken by defendant as suck an executor; and, until that fact was established, he could not be excluded.
So in the case at bar, the question for the jury was, whether the defendant, in holding the property sued for, acted as administratrix. When the plaintiff was admitted to testify, it had not then appeared that she held the property as administratrix. It subsequently appeared, by the verdict of the jury, that she did not. If the verdict had been otherwise, it could not have affected a previous ruling of the Court.
It is argued that the design of the exception in the statute, was to exclude the testimony of one party to a contract, when the other party, being dead, could not be heard. And it is said that the case before us is within the mischief which the statute was intended to remedy.
If such was the design of the statute, then the Legislature were unfortunate in framing it. For such a purpose, there was no necessity that the executor or administrator should be excluded at all. But the statute excludes him, as well as the other party to the suit. •
And besides, it very rarely happens that a suit at law turns upon the question as to what any contract was. A *594 large proportion of contested cases are for torts, in regard to which only one of the parties may have any personal knowledge. And in suits for the violation or non-performance of contracts, it often happens that one of the parties, only, can testify from any personal knowledge. In suits between indorsees, and makers or indorsers of negotiable paper, frequently only one of the parties, and perhaps neither, knows anything in regard- to the original contract. And yet in all these cases, when prosecuted or defended by an administrator or executor, the living party, who may have some knowledge, must be excluded, because the other party, who may have known nothing of the matter, is dead. So that, if the rule, which admits parties to testify, is a good one, then the exception referred to works injustice as often as otherwise. When both parties are living, they seldom stand upon equal terms, in regard to the advantage of being witnesses. And therefore an absolute rule, that one shall not testify when the other is dead, is quite as likely to work mischief, as to remedy it.
Such bein'g the general result, it is our duty to apply the statute according to its terms, whatever may be its effect upon any particular case. And, as the parties should not be excluded in any case, unless it appears, as a fact not in controversy, that one of them is acting as an administrator or executor, in regard to the property or other matter in dispute, the rulings in the case at bar were correct.

Exceptions overruled.

Appleton, C. J., Cutting, Goodenow- and Walton, JJ., concurred.
Rice, J., non-concurred.